## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **Jerald Cobb** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Wal-Mart, Inc.** )<br><u>**Serve At:**</u> )<br>**CT Corporation System** )<br>**120 S. Central Ave.** )<br>**Clayton, MO 63105** )<br>)<br>**Defendant.** ) | Case No. _____<br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT AND FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

COMES NOW Plaintiff, by and through Counsel, and for his Complaint against the Defendant states the following.

1. Plaintiff is a citizen and resident of Richmond, Ray County, Missouri, within the territorial jurisdiction of this Court.

2. Defendant is a Delaware Corporation in Good Standing, doing business in Ray County, Missouri.

3. This action arises under <u>42 U.S.C. 12112</u> (Americans With Disabilities Act- Employment Discrimination) and <u>42 U.S.C. 12203</u> (Americans with Disabilities Act- Retaliation).

4. The amount in controversy is greater than $75,000.

5. Jurisdiction and Venue are proper in this Court.

6. The Plaintiff has, and at all times relevant to this Petition had, a disability as defined by 43 U.S.C. 12102 in that he has a physical or mental impairment that substantially limits

one or more of his major life activities because he has been adjudicated as disabled by the Social Security Administration and at all times relevant to this Petition suffered from multiple hernias and attendant surgeries, chronic low back pain, a broken tailbone with a separated pelvis and other conditions which substantially limited his major life activities.

7. The Plaintiff was employed by the Defendant between August 24, 1984 and September 19, 2018. On September 19, 2018 the Plaintiff was terminated "Due to health – exhausted all LOA." <u>See Separation Notice attached hereto as Exhibit A</u> and incorporated by reference herein.

8. After his termination, the Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission.

9. On June 10th, 2019 the Plaintiff received a "right to sue" letter from the Equal Employment Opportunity Commission. <u>See Right to sue letter attached hereto as Exhibit B and incorporated by reference herein.</u>

10. The Plaintiff has exhausted his Administrative remedies as a prerequisite to the filing of this suit.

11. Between March 25, 2017 and September 9, 2018 the Plaintiff was on Medical Leave from his employment by Defendant as a result of repeated hernias (necessitating operative care) and ailments of his back. During this time he was paid long and short term disability benefits.

12. Prior to March 5, 2017 the Plaintiff informed the Defendant that he was scheduled for a Hernia Surgery in Tennessee on April 5, 2017 and requested a medical leave.

13. On March 5, 2017 the Defendant demoted the Plaintiff from the position of Toy Department Manager to Personal Shopper at the Defendant's Richmond, Missouri Store. This Demotion was accompanied by a decrease in pay from $19.24 per hour to $18.28 per hour.

14. On or around September 19, 2018, the Plaintiff was capable of returning to his employment with the Defendant, if he were provided with accommodations consistent with his physician's restrictions resulting from his ailments and surgeries.

15. Prior to September 19, 2018, the Plaintiff requested that he be permitted to return to his employment with the Defendant, with accommodations for his disability as set forth in a doctor's note.

16. On September 19, 2018, the Defendant terminated the Plaintiff's employment because of his disability. Specifically, the Defendant (acting through its training coordinator Debra Foster) stated that the "Reason for separation" was "Due to health – exhausted all LOA." See Exhibit A.

17. The Defendant's demotion and termination of the Plaintiff were unlawful retaliation in contravention and violation of 42 U.S.C. 12203 in that the Defendant discriminated against the Plaintiff by demoting and discharging him because he sought a medical leave on account of his disability.

18. The Defendant's termination of the Plaintiff was employment discrimination on account of disability which was unlawful and in contravention and violation of 42 U.S.C. 12112 in that the Defendant terminated the Plaintiff "Due to heath – exhausted all LOA." See Exhibit A.

19. As a direct and consequent result of the Defendant's demotion and discharge of him, the Plaintiff sustained a past and future loss of income, a loss of future seniority, increases in income and benefits. The Plaintiff is also entitled to and seeks the recovery of pre-judgment interest upon all back wages awarded in this action and such additional compensation as is necessary to pay any increased tax liability resulting from any such award. As a direct and consequent result of the Defendant's conduct, as alleged herein, the Plaintiff has sustained emotional distress and angst, for which injury he seeks compensatory damages. Further, pursuant to 42 U.S.C. 12205 the Plaintiff is entitled to his reasonable attorney's fees, expenses and costs incurred in this action.

20. The Plaintiff demands a jury trial for all portions of this trial which may be so tried.

WHEREFORE, Plaintiff prays for judgment against the Defendant for back pay, front pay, pre-judgment interest, compensatory damages for pain and suffering and his attorney's fees, costs and expenses incurred in this action and for such other relief as the Court deems just and proper.

/s/ *Mark E. Meyer*

By: _____
    Mark E. Meyer #51786
    The Law Offices of Mark E. Meyer, LLC
    /2528 SW Wintercreek Dr.
    Lee's Summit, MO 64108
    Phone: (816) 729-0866
    Fax: (816) 347-8736
    E-Mail: meyerlaw78@yahoo.com